UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-97-GFVT

KHASAN A. DANCY                                                                                          PLAINTIFF

VS:                            **MEMORANDUM OPINION AND ORDER**

JOSEPH GEORGE, ET AL.                                                                            DEFENDANTS

Khasan A. Dancy, the *pro se* plaintiff, currently incarcerated in the United States Penitentiary located in Beaumont, Texas ("USP-Beaumont"), filed a *pro se* civil rights complaint on May 8, 2007 [Record No. 2]. He asserted claims under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). The Court has previously granted the plaintiff's motion to proceed *in forma pauperis* [*see* Order, Record No. 5].

*Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), the district court can dismiss a case at any time if it determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

NAMED DEFENDANTS

The named defendants are: (1) Joseph George (USP-Big Sandy official); (2) Ella Stevens (USP-Big Sandy official); (3) USP-Big Sandy; and (4) the Federal Bureau of Prisons ("BOP").

CLAIMS

The plaintiff claims that the defendants have violated his right to due process of law by refusing to transfer him to a medium-security facility. He claims that he fits the BOP's classification criteria for such placement, but that the defendants are arbitrarily denying him placement in a medium-security prison facility. The plaintiff's claims fall under the Fifth Amendment of the United States Constitution.

RELIEF REQUESTED

The plaintiff seeks various forms of injunctive relief. The primary relief sought is an order requiring the named defendants to transfer him to a medium-security prison.

Plaintiff seeks injunctive relief in the form of an order requiring the BOP to transfer him to a medium-security federal prison. He also asks the Court to "sanction" Defendants George and Stevens for their refusal to transfer him to a medium-security prison. It also appears that he asks the Court to notify BOP administrative officials–in particular, the BOP's Mid-Atlantic Regional office ("MARO")–about his complaints.

PROCEDURAL HISTORY

The plaintiff submitted a prisoner civil rights complaint form, to which he attached twenty-five pages of handwritten supplemental material [filed collectively as Record No. 2]. While the plaintiff made serval passing negative comments about the prior conditions of his

confinement in USP-Big Sandy, his main complaint was that the named defendants refused to transfer him to a medium-security prison.

The plaintiff was confined in USP-Big Sandy when he filed this action on May 8, 2007. He has since been transferred to USP-Beaumont, Texas [*see* Records No. 4 & 7]. On May 30, 2007, the Court entered an Order directing the plaintiff to provide the Court with copies of his BOP grievances, consisting of (1) a BP-9 appeal to the Warden, (2) a BP-10 appeal to the MARO, and (3) a BP-11 appeal to the BOP Central Office [*see* Order, Record No. 6].

The Court noted in that Order that the plaintiff indicated in his complaint that he had undertaken all three steps during March, 2007 [*see Id.*, n.2]. The Court further noted that the BOP administrative remedy process takes approximately ninety (90) days to complete [*Id.*].

The plaintiff had, by this time, been transferred to USP-Beaumont in Texas. He complained about the fact that his grandfather was ill; that he still wanted to be transferred to another BOP facility; and that "people are getting killed here." [*See* letter of June 11, 2007, Record No. 8.] He reiterated that he did not have the funds either to pay the filing fee assessed in the "Payment Order" entered on May 30, 2007 [Record No. 5], or to pay for copies.

Plaintiff's next letter, filed on July 5, 2007 [Record No. 10], reiterates essentially the same allegations as those contained in his prior letter of June 11, 2007. He claims that USP-Beaumont is worse than USP-Big Sandy. He reiterated those claims in a subsequent letter filed in the record on July 16, 1007 [Record No 11].

The Court will enter a separate Order directing the Clerk of the Court to provide the plaintiff with a copy of the May 8, 2007 complaint. The Court now addresses the merits of the plaintiff's underlying claims.

3

DISCUSSION
1. Injunctive Relief is Moot

The Court must dismiss the complaint for several reasons. First, to the extent that the plaintiff demanded injunctive relief (in his original complaint) as to his request for a transfer, the request is now moot. The plaintiff was, in fact, transferred to USP-Beaumont in May of 2007.[1]

An inmate's claim for injunctive relief regarding the conditions of his confinement becomes moot due to the inmate's release from confinement, or transfer to another facility. *McAlpine v. Thompson*, 187 F.3d 1213,1215 (10th Cir. 1999); *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for injunctive relief became moot after he was transferred to another facility); and *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir. 1987) (prisoner's transfer moots his request for injunctive relief against conditions of confinement in facility from which he was transferred).

2. No Liberty Interest in Transfer

Second, to the extent that the plaintiff demanded transfer to a medium-level federal prison when he filed his complaint--and even now--the Court is without authority to grant such relief. Well-settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison; transfers to any particular prison; any particular security classification; or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532 (1976); *Montanye v.*

---

[1] The BOP's website, bop.gov, indicates that the federal prison in Beaumont is comprised of four different types of facilities: (1) a penitentiary facility (Code "BMP"); (2) a correctional complex (Code "BMX"); (3) a lower-security correctional facility (Code "BML"); and (4) a medium-security facility (Code BMM").
It further appears from the BOP's website that Plaintiff Dancy is confined in Beaumont USP, the penitentiary (high-level security) facility at Beaumont.

*Haymes*, 427 U.S. at 242; *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846 (1976) (inmates have neither protected liberty interests nor property interests in custodial classification); *Bolger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir. (Tex.) 1995).

Due process rights are only triggered by the deprivation of a legally cognizable property interest. *Mitchell v. Horn*, 318 F.3d 523, 531 (3rd Cir. 2003). Plaintiff Dancy's construed due process claim lacks merit because prisoners generally do not have a due process liberty interest in their placement and classification while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9, 97 S.Ct. 274 (1976).

To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life," *see Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995), or that the government's action "will inevitably affect the duration of his sentence." *Id.*, 515 U.S. at 487.

Under §3621, the Attorney General of the United States has delegated discretionary decisions, as to federal prisoners' placement and classification while incarcerated, to the Director of the BOP. Congress has given federal prison officials full discretion to control the conditions of confinement, and prisoners have no constitutional entitlement to invoke due process claims. *See DeLand v. Attorney General of the United States*, 2006 WL 3337465, *3 (N.D. Ohio, November 16, 2006) (Only Westlaw Citation currently available).[2]

---

2

Even cases which evolved before the Supreme Court's *Sandin* decision adopted the viewpoint that prisoners have no inherent constitutional right to placement in any particular prison, security classification, or housing assignment. *See Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543 (1976); and *Marchesani v. McCune*, 531 F.2d 459.

*See also Mader v. Sanders,* Ashland Civil Action No. 02-CV-00067-HRW, a case which Judge Henry R. Wilhoit of this Court decided on June 11, 2002. *Mader* involved a somewhat similar

As the Supreme Court stated in *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L. Ed.2d 813 (1983), "[p]rocess is not an end in itself.  Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement.  [And] ... an expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Id*. at 250 n.12.

Accordingly, any construed Fifth Amendment claim asserting an alleged denial of due process concerning a transfer to a lower-security prison would fail to state a claim upon which relief could be granted.  The claim is dismissed with prejudice.

### 3.  Specific Claims Arising at USP-Beaumont

To the extent the plaintiff asserts Eighth Amendment claims specific either as to the conditions of his confinement at USP-Beaumont, or as to other claims relating to USP-Beaumont, this Court would have no jurisdiction over such claims.  Venue considerations preclude a Court in Kentucky from addressing claims asserted against a Warden of a federal prison in Texas.  *See* Title 28 U.S.C. §1391(b), which provides that:

> [a] civil action where jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated*, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  {Emphasis Added}.

---

claim by a federal inmate seeking transfer to a lower-security facility.  Judge Wilhoit rejected the §2241 petition, finding that the prisoner had no due process liberty interest in his placement and classification while incarcerated.  Judge Wilhoit concluded that Mader's Fifth Amendment due process rights were not violated by the BOP's' refusal to transfer him to a lower-security camp facility with other inmates who had the same custody classification.  On appeal, the Sixth Circuit affirmed.  *See Mader v. Sanders*, Fed. Appx. 869, 871, 2003 WL 21259676, **1 (C.A.6 (Ky.), May 29, 2003).

Venue for such claims could properly lie here only if a substantial part of the events or omissions giving rise to the plaintiff's claim occurred in the Eastern District of Kentucky. 28 U.S.C. §1391(b)(2). Since the plaintiff appears, in his most recent filings subsequent to his transfer to USP- Beaumont, to lodge complaints about the conditions of his confinement there, he should file such claims in the United States District Court for the Eastern District of Texas. Plaintiff is again reminded that he is still obligated to fully exhaust any claims concerning the conditions of his confinement at USP-Beaumont through the BOP administrative remedy process, 28 C.F.R. §542.13-15.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)   The plaintiff's Fifth Amendment claims against the named defendants are **DISMISSED WITH PREJUDICE**.

(2)   This action [07-CV-97-GFVT is **DISMISSED** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

This the 2nd day of August, 2007.



Signed By:
*Gregory F. Van Tatenhove*
**United States District Judge**